NO. 07-05-0267-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 8, 2007
_____

MARION D. CRUSE, APPELLANT

V.

TEXAS DEPARTMENT OF TRANSPORTATION, APPELLEE
_____

FROM THE 106TH DISTRICT COURT OF GARZA COUNTY;

NO. 04-09-05957-CV; HONORABLE CARTER T. SCHILDKNECHT, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Marion D. Cruse, appeals a summary judgment entered in favor of appellee, Texas Department of Transportation (TxDOT), relating to his claim for workers' compensation Supplemental Income Benefits (SIBs). We affirm.

Background

On March 11, 1997, Cruse suffered a major injury to his left ankle while in the course and scope of his employment with TxDOT that ultimately necessitated its

amputation. TxDOT disputed the extent of Cruse's compensable injury and the applicable impairment rating assigned for this injury. Because resolution of this dispute delayed Cruse's eligibility to apply for SIBs, when the dispute was ultimately resolved in Cruse's favor and his eligibility to apply for SIBs was established, Cruse timely submitted his applications for the first thirteen quarters.

As required under the workers' compensation law, Cruse sent his application for first quarter SIBs to the Texas Workers' Compensation Commission (TWCC). TWCC approved Cruse's application for first quarter benefits and sent notice of Cruse's entitlement to TxDOT. The notice was received by TxDOT on January 12, 2004. Also on January 12, 2004, TxDOT received Cruse's applications for SIBs for the second through thirteenth quarters. On January 21, 2004, TxDOT filed a Benefit Review Conference (BRC) request form with TWCC, on which TxDOT checked the box indicating that TxDOT was "Contesting the determination of entitlement to or amount of Supplemental Income Benefits or whether the injured employee's underemployment is a direct result of the impairment" and also indicating that TxDOT disputed the extent of the compensable injury.

A BRC was held on March 11, 2004 and Cruse's entitlement to SIBs for all thirteen quarters was discussed. Because the parties were not able to reach an agreement at the BRC, the TWCC benefit review officer issued a report recommending that Cruse was not entitled to SIBs for any of the thirteen quarters, but further recommending that TxDOT had waived its right to contest Cruse's entitlement to SIBs for the second through thirteenth quarters by failing to timely dispute Cruse's entitlement. With the benefit review officer's report identifying these issues, the case was set for a contested case hearing (CCH).

2

Following the CCH, the TWCC hearing officer issued a Decision and Order finding that Cruse had established his entitlement to SIBs for the second, sixth, and tenth quarters, but had failed to establish his entitlement for the other quarters. However, the hearing officer made a finding of fact that TxDOT did not request a BRC contesting Cruse's entitlement to SIBs for the second through thirteenth quarters within 10 days of receiving the applications for these quarters. As a result, the hearing officer concluded that TxDOT had waived its right to contest Cruse's entitlement to SIBs for the second through thirteenth quarters.

The hearing officer's Decision and Order was appealed by TxDOT to the TWCC Appeals Panel. The Appeals Panel reasoned that the BRC request form is ambiguous because it does not indicate the quarter(s) being disputed. The Appeals Panel concluded that the hearing officer resolved the ambiguity in the present case by finding that TxDOT had not requested a BRC within 10 days of its receipt of Cruse's SIBs applications for the second through thirteenth quarters and affirmed based on the factual findings of the hearing officer.

TxDOT filed a petition in district court seeking a *de novo* judicial review of the TWCC determination that it had waived its right to contest Cruse's entitlement to second through thirteenth quarter SIBs. Cruse answered and asserted a counterclaim for attorney's fees. Prior to trial, TxDOT filed a motion for partial summary judgment on the waiver issue. Following a hearing on the summary judgment motion, the trial court granted TxDOT's motion and denied Cruse's counterclaim for attorney's fees as moot. Cruse filed motions

3

for rehearing and for new trial which were overruled by operation of law. Cruse then filed notice of appeal.[1]

Cruse contends that the trial court erred in granting TxDOT summary judgment on the waiver issue. Cruse challenges each ground asserted by TxDOT in its motion for summary judgment. Those grounds were: (1) compliance with section 408.147(b) of the Texas Labor Code, see TEX. LAB. CODE ANN. § 408.147(b) (Vernon 2006)[2]; (2) compliance with TWCC Rule 141.1, see 28 TEX. ADMIN. CODE § 141.1 (1991) (Tex. Dep't of Ins., Div. of Workers' Comp.)[3]; and (3) the TWCC Appeals Panel's failure to follow its prior decision.

Standard of Review

TxDOT's motion for summary judgment contended that it was entitled to summary judgment under Texas Rule of Civil Procedure 166a(c). TEX. R. CIV. P. 166a(c). Therefore, to establish its right to summary judgment, TxDOT had to establish that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law on the issues set out in its motion. Id.

---

[1] Because the initial notice of appeal was filed before a final judgment was entered, this court dismissed a prior appeal for lack of jurisdiction. See Cruse v. Tex. Dep't of Transp., No. 07-05-0184-CV, 2005 Tex.App. LEXIS 4680 (Tex.App.–Amarillo June 16, 2005, no pet.). The current appeal is from a final judgment entered July 5, 2005.

[2] Further reference to provisions of the Texas Labor Code will be by reference to "Labor Code § ___."

[3] Further reference to provisions of the Texas Administrative Code will all refer to volume 28 and will be by reference to "TWCC Rule ___."

4

We review the granting of a summary judgment under 166a(c) using the standards set out in <u>Nixon v. Mr. Prop. Mgmt. Co.</u>, 690 S.W.2d 546, 548-49 (Tex. 1985):

> 1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2) In determining whether there is a disputed issue of material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Analysis

None of the relevant facts in this case are in dispute. The issue in this case is not whether TxDOT proved that it requested a BRC within 10 days of its receipt of TWCC's determination of Cruse's entitlement to first quarter SIBs and Cruse's applications for second through thirteenth quarter SIBs. Neither party disputes that TxDOT requested a BRC within 10 days of its receipt of these documents.[4] The issue in the present case is whether a request for a BRC that was filed within 10 days of receipt of multiple applications

---

[4] Cruse incorrectly argues that TxDOT filed its request for BRC on January 12, 2004. However, we view this argument as a mistake rather than a factual dispute since the uncontroverted evidence conclusively establishes that the request was filed on January 21, 2004. Our conclusion that this contention is based on a mistake is bolstered by Cruse's indication in the statement of facts in his brief that the TWCC's determination regarding Cruse's first quarter entitlement and the applications for the second through thirteenth quarters were received by TxDOT on January 12, 2004 and that TxDOT's request for BRC was filed on January 21, 2004. Further, the request is dated January 21, 2004 and the affidavit of Virginia Wier, TxDOT's claims handler for Cruse's claim, attest that the request was filed on January 21, 2004.

5

for SIBs was required to expressly identify the quarters being disputed to avoid waiver of the right to contest entitlement. See Labor Code § 408.147(b).

Labor Code § 408.147(b) requires a carrier to "make a request for a [BRC] within 10 days after" receipt of the claimant's application for SIBs. The statute does not limit what issues can be addressed at the resulting BRC nor does it impose any requirement that issues must be clearly identified in the request in order to be addressed at the BRC, such as is required in a pleading. By its plain language, Labor Code § 408.147(b) requires only that a carrier request a BRC within 10 days of receipt of the applications to avoid waiver of its right to contest entitlement. See also Appeals Panel Decision 980106, 1998 WL 133283, at *3 (Tex. Workers' Comp. Comm'n 1998) (concluding that Labor Code § 408.147(b) requires only a timely request for BRC and does not require carrier to state grounds for its action). Further, had the legislature intended to limit a carrier's dispute of SIBs eligibility to those issues expressly identified on its request for BRC, it could have done so in the same manner that it did in Labor Code § 409.022. See Labor Code § 409.022. As there is no dispute regarding whether TxDOT filed a request for BRC contesting Cruse's entitlement to SIBs within 10 days of receipt of TWCC's determination of entitlement to first quarter SIBs and Cruse's applications for second through thirteenth quarter SIBs, we affirm the trial court's determination that TxDOT did not waive its right to contest Cruse's eligibility under Labor Code § 408.147(b) and the summary judgment it granted TxDOT on this basis.

Both TxDOT, in its motion for summary judgment, and Cruse, in his appellate brief, argue TxDOT's compliance with TWCC Rule 141.1 and various Appeals Panel decisions.

6

We do not address these issues because TWCC Rules and Appeals Panel decisions can not require more than what is required under Labor Code § 408.147.  This is so because an administrative agency's rule may not impose additional burdens, conditions, or restrictions in excess of what is required under the relevant statute.  See  Milner v. City of Leander, 64 S.W.3d 33, 42 (Tex.App.–Austin 2000, no pet.).  Thus, we conclude that our construction of Labor Code § 408.147(b) is determinative of this appeal.  See Tex. R. App. P. 47.1.

## Conclusion

We conclude that TxDOT's request for BRC in this case was sufficient to avoid waiver of its right to contest Cruse's entitlement to all thirteen quarters of SIBs.  Therefore, we affirm the summary judgment of the trial court.

Mackey K. Hancock
Justice